RECEIVED
JUL 23 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEON D. COATES (#05900-007) | DOCKET NO. 15-CV-1704; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by Deon D. Coates. Petitioner is an inmate from the District of Columbia who is incarcerated at United States Penitentiary in Pollock, Louisiana. He claims that his detention is unlawful because he should have been released on parole in 2013.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

In 1994, Coates was convicted of two counts of Armed Robbery in the District of Columbia Superior Court in Washington, D.C., and received an indeterminate prison sentence of 9 years to 27 years. [Case: 6:12-cv-245, E.D.Ky., Doc.#9] Coates became eligible for parole in 1996, but has yet to be paroled.

Coates had a parole hearing in 2012 at USP-McCreary in Kentucky. The hearing examiner evaluated his case under the 1987 guidelines of the former District of Columbia Board of Parole, in compliance with the Commission's regulation at 28 C.F.R. § 2.80(o),

as amended by 74 Fed. Reg. 58540-44 (Nov. 13, 2009). The hearing examiner found that due to Program Achievement since his last parole hearing, Coates had improved his prior grid score under the 1987 Board guidelines from a score of 3 to a score of 2, indicating that parole should be granted at that time. However, for a number of reasons, the hearing examiner recommended a departure from the guidelines, that parole be denied, and that Coates be continued for a rehearing in April 2013, after service of another twelve months. The reasons cited were that (1) while Coates had enrolled in the C.O.D.E./Challenge Program, he did not complete it because he was removed from the program due to insolence, (2) he had received a UDC sanction subsequent to the last parole hearing, (3) he was in the Special Housing Unit at the time of his parole hearing, and there was a pending DHO for Theft of a Staff Member's Time and Attendance (T&A) form (however, because this DHO had not been adjudicated, the hearing examiner did not consider it at Coates's parole hearing). [Case 2:12-cv-245, E.D.Ky., Doc.#9]  The USPC considered the examiner's Hearing Summary and concurred with his recommendation to deny parole, finding that there was a reasonable probability that Coates would not obey the law if released and that his release would endanger the public safety. [Case 2:12-cv-245, E.D.Ky., Doc.#9] Coates filed a petition for writ of habeas corpus under 28 U.S.C. §2241 in the United States District Court for hte Eastern District of Kentucky challenging the decision of the United

States Parole Commission ("USPC") not to release him on parole. The petition was denied and dismissed.

Petitioner had another parole hearing in 2013, at the United States Penitentiary in Beaumont, Texas ("USP Beaumont"). [Doc. #1, p.10] Again, his grid score was a 2, having gone up one point for negative institutional behavior and down one point for ordinary program achievement since the last hearing. [Doc. #1, p.10] Although the guidelines indicated that parole should be granted, a departure from the guidelines was made because the commissioner found there was a reasonable probability that Coates would not obey the law if released and his release would endanger the public safety. Coates was advised that he needed to demonstrate to the Commission that he could abide by the institutional rules and regulations. [Doc. #1, p.10]

### *Law and Analysis*

By virtue of Section 11201 of Chapter 1 of Subtitle C of Title XI of the National Capital Revitalization and Self-Government Improvement Act of 1997 (or District of Columbia Revitalization Act of 1997), enacted August 5, 1997, Pub. L. 105-33, Sec. 11201, Congress transferred the responsibility for the incarceration of D.C. Code felony offenders, such as Petitioner, from the D.C. Department of Corrections to the Federal Bureau of Prisons. The United States Parole Commission ("USPC") is vested with authority to determine the time of release for a prisoner, with certain

limitations. 18 U.S.C. s 4201 et seq.; <u>United States v. Addonizio</u>, 442 U.S. 178, 188 (1979). That decision will not be reversed by a federal court absent "flagrant, unwarranted, or unauthorized action" by the Commission. <u>Page v. United States Parole Commission</u>, 651 F.2d 1083, 1085 (5th Cir. 1981); <u>United States v. Norton</u>, 539 F.2d 1082, 1083 (5th Cir. 1976), <u>cert.</u> <u>denied</u>, 429 U.S. 1103 (1977).

Petitioner complains that he was denied parole because of a disciplinary conviction that he received at USP McCreary, Kentucky. He argues that, under the 1987 D.C. Municipal Regulations, he was entitled to be represented by an attorney at his disciplinary hearing. Because he was not provided counsel, the conviction should not have been considered in denying him parole. Thus, although he does not claim to have been innocent of the disciplinary violation, he essentially claims that he was deprived of due process with regard to the parole decision.

To state a claim for the denial of due process, a prisoner must first demonstrate the existence of a protected liberty interest in parole. Liberty interests are of two types: those issuing directly from the Constitution and those created by state law. There is no constitutionally protected liberty interest in parole or the parole scoring system. See <u>Greenholtz v. Nebraska Penal Inmates</u>, 442 U.S. 1, 7-8 (1979); <u>Ellis v. District of Columbia</u>, 84 F.3d 1413, 1419-20 (C.A.D.C. 1996); <u>Blair-Bey v.</u>

Quick, 151 F.3d 1036, 1047 (D.C.Cir. 1998). Nor does the D.C. parole scheme create a liberty interest upon which to base a procedural due process claim. See Ellis, 84 F.3d at 1419-20, 318 U.S.App.D.C. at 45-46; Fisher v. Fulwood, 774 F.Supp.2d 54, 58 (D.D.C.2011); McRae v. Hyman, 667 A.2d 1356, 1360-61 (D.C. 1995)(holding that there is no liberty interest created by the District of Columbia's parole regulations because the "District [of Columbia]'s parole system is grounded in the exercise of discretion by the Board ... [and] the Board is not required to either grant or deny parole."). The parole board has discretion to determine an inmate's eligibility for release.

Thus, even if Petitioner could show that the BOP failed to comply with D.C. regulations regarding the appointment of counsel for a disciplinary hearing, this does not state a due process claim as to Plaintiff's parole determination since there is no liberty interest in parole. See, Olim v. Wakinekona, 461 U.S. 238, 250 (1983)(Where inmate had no liberty interest in remaining in Hawaii prison, the failure to comply with prison regulations requiring a particular kind of hearing before transfer did not violate due process.); Ellis, 84 F.3d at 1415 ("[E]ven if a prisoner established everything the statute required, the Board of Parole still had discretion to deny parole."). Moreover, there is no constitutional right to counsel in disciplinary hearings. See Baxter v. Palmigiano, 425 U.S. 308 (1976).

5

In sum, Petitioner does not have a constitutional right to parole and he cannot shown that he is incarcerated in violation of the constitution or laws of the United States.

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED AND DISMISSED,** with prejudice.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 22nd day of July, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE